2014 UT App 209

# THE UTAH COURT OF APPEALS

WESTMONT MIRADOR, LLC AND TERRY FOOTE,
Plaintiffs and Appellants,
*v.*
JOSHUA MILLER AND BRAD NELSON,
Defendants and Appellees.

Memorandum Decision
No. 20130985-CA
Filed September 5, 2014

Second District Court, Ogden Department
The Honorable Scott M. Hadley
No. 120900895

Charles A. Schultz, Attorney for Appellants

Joshua Miller and Brad Nelson, Appellees Pro se

JUDGE GREGORY K. ORME authored this Memorandum Decision,
in which JUDGES JAMES Z. DAVIS and JOHN A. PEARCE concurred.

ORME, Judge:

¶1      Westmont Mirador, LLC and Terry Foote (collectively, Westmont) challenge the district court's award of only nominal damages to Westmont after the court determined, in the context of entering default judgment against defendants Joshua Miller and Brad Nelson, that certain online comments made by Miller and Nelson about Westmont constituted defamation per se.[1] We affirm.

1. As noted by the district court, "the only reason there may be defamation is not because of the evidence but because of the default." Specifically, the allegations of the complaint stood unrefuted because Defendants did not answer the complaint in

(continued...)

¶2     In order to constitute defamation per se, the words used must fit within one of a handful of well-established categories. *See Baum v. Gillman*, 667 P.2d 41, 43 (Utah 1983). At issue in this case are words that "charge . . . conduct that is incompatible with the exercise of a lawful business." *Id.* Ordinarily, to establish a claim for defamation, a plaintiff must demonstrate, inter alia, that "the statements resulted in damages." *DeBry v. Godbe*, 1999 UT 111, ¶ 8, 992 P.2d 979. However, when defamatory words are actionable per se "the law presumes conclusively that damage has followed, and the plaintiff need neither allege nor prove it." *Nichols v. Daily Reporter Co.*, 83 P. 573, 574 (Utah 1905) (citation and internal quotation marks omitted).

¶3     The district court concluded that Miller's and Nelson's online comments about Westmont, as alleged in Westmont's complaint, constituted defamation per se and awarded Westmont one dollar as nominal damages. It declined to award compensatory or punitive damages. Westmont argues that because damages are presumed in cases of defamation per se, the district court was required to award Westmont damages sufficient to discourage future defamation. "Whether the district court applied the correct rule for measuring damages is a question of law," and we review its decision for correctness. *Mahana v. Onyx Acceptance Corp.*, 2004 UT 59, ¶ 25, 96 P.3d 893.

¶4     Westmont has failed to support its argument "with citations to the authorities, statutes, and parts of the record relied on." *See* Utah R. App. P. 24(a)(9). "Implicitly, rule 24(a)(9) requires not just bald citation to authority but development of that authority and reasoned analysis based on that authority." *State v. Thomas*, 961 P.2d 299, 305 (Utah 1998). Westmont's brief "identifies no rule of law that the district court allegedly violated" in awarding only

---

1. (...continued)
timely fashion. In pertinent part, the complaint alleged that Miller and Nelson referred to Westmont as "crooks" and "scam artists."

nominal damages and does not go beyond "bald citation" to cases generally discussing the doctrine of defamation per se. *See Simmons Media Group, LLC v. Waykar, LLC*, 2014 UT App 145, ¶¶ 37–38. "An inadequately briefed claim is by definition insufficient to discharge an appellant's burden to demonstrate trial court error," *id.* ¶ 37, and we therefore conclude that Westmont "has failed to carry its burden of persuasion on appeal," *see id.* ¶¶ 37, 40.

¶5      Additionally, Westmont's primary argument flies wide of the mark. In a case of defamation per se, presumed damage does not mean that the court or a jury must award substantial monetary damages. Rather, it is a procedural mechanism that relieves a plaintiff of its burden of proving damages as an element of its prima facie case. *See Nichols*, 83 P. at 574 (noting that in cases of defamation per se, "the plaintiff need neither allege nor prove" harm) (citation and internal quotation marks omitted). Thus, even when the district court presumes harm in cases involving defamation per se, the court is not required to presume any particular amount of damages beyond nominal damages. *See* Restatement (Second) of Torts § 620 (1977) ("One who is liable for a slander actionable per se . . . is liable for at least nominal damages."). For example, nominal damages are appropriate "when the insignificant character of the defamatory matter, or the plaintiff's bad character, leads the [factfinder] to believe that no substantial harm has been done to his reputation, and there is no proof that serious harm has resulted from the defendant's attack upon the plaintiff's character and reputation." *Id.* § 620 cmt. a.

¶6      Affirmed.

———————